UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE MANAGEMENT GROUP, LLC, ANDREW
FOX, and LEE HEIMAN,

                     Plaintiffs,

            - against -

ANGEL MUSIC GROUP LTD., NEIL MOFFITT,
NICK McCABE, JESSIE ANGLES, ANU DHAMI,
ISABEL PIAGGI, and DAN A. VIDAL,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08-02172(PKC)

**ANSWER OF NICK McCABE**

        Defendant Nick McCabe, by his attorneys, Karaahmetoglu & Luz Firm LLP, as and for his answer to the complaint in this action alleges as follows:

        1.       Denies the allegations of paragraph 1.

        2.       Denies the allegations of paragraph 2.

        3.       Denies the allegations of paragraph 3, except admits that Plaintiffs seek the relief set forth therein.

        4.       Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

        5.       Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

        6.       Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

        7.       Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Denies the allegations of paragraph 9, except admits that McCabe is an individual.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Denies the allegations of paragraph 14 as to himself and lacks knowledge as to the other defendants.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Admits the allegations of paragraph 16.

17. Admits the allegations of paragraph 17.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Admits the allegations of paragraph 21.

22. Admits the allegations of paragraph 22.

23. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. Denies the allegations of paragraph 26.

27. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Denies the allegations of paragraph 32, except admit that both TMG and Angel were sued for trademark infringement by an individual claiming ownership of the name "Global Gathering" and lack knowledge as to the amount TMG paid its attorneys.

33. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42. Denies the allegations of paragraph 42, except admits that he was TMG's Creative Officer, informed plaintiffs of his intention to resign in June 2007, worked on the Pepsi

and Bacardi accounts, rejected plaintiffs' attempts to retain him, and in that connection was threatened with a lawsuit over plaintiffs' supposed "confidential" information.

43. Denies the allegations of paragraph 43 and respectfully refers the Court to the McCabe Agreement for its true meaning and interpretation.

44. Denies the allegations of paragraph 44 and respectfully refers the Court to the McCabe Agreement for its true meaning and interpretation.

45. Denies the allegations of paragraph 45 and respectfully refers the Court to the McCabe Agreement for its true meaning and interpretation.

46. Denies the allegations of paragraph 46, except admits that TMG agreed to modify his employment agreement, and respectfully refers the Court to that modified employment agreement for its complete terms, meaning, and interpretation.

47. Denies the allegations of paragraph 47, except lacks knowledge or information as to TMG's knowledge or intentions.

48. Denies the allegations of paragraph 48, except admits that he sent certain e-mails to TMG and respectfully refers the Court to those e-mails for their true meaning and interpretation.

49. As to the allegations of paragraph 49, lacks knowledge or information as to what TMG "learned" or "discovered."

50. Denies the allegations of paragraph 50, except lacks knowledge or information as to discussions between Moffitt and TMG.

51. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Paragraph 55 requires no responsive pleading.

56. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59. Paragraph 59 requires no responsive pleading.

60. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61. Denies the allegations of paragraph 61 and respectfully refers the Court to the McCabe Agreement for its true meaning and interpretation.

62. Denies the allegations of paragraph 62, avers that it purports to state a legal conclusion and leaves the plaintiffs to their proofs.

63. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

64. Denies the allegations of paragraph 64.

65. Denies the allegations of paragraph 65.

66. Denies the allegations of paragraph 66.

67. Paragraph 67 requires no responsive pleading.

68. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69. Denies the allegations of paragraph 69 and respectfully refers the Court to the McCabe Agreement for its true meaning and interpretation.

70. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71. Denies the allegations of paragraph 71 and respectfully refers the Court to the McCabe Agreement for its true meaning and interpretation.

72. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72.

73. Denies the allegations of paragraph 73 and respectfully refers the Court to the McCabe Agreement for its true meaning and interpretation.

74. Denies the allegations of paragraph 74.

75. Denies the allegations of paragraph 75.

76. Paragraph 76 requires no responsive pleading.

77. Denies the allegations of paragraph 77, avers that it purports to state a legal conclusion and leaves the plaintiffs to their proofs.

78. Denies the allegations of paragraph 78.

79. Denies the allegations of paragraph 79.

80. Denies the allegations of paragraph 80.

81. Paragraph 81 requires no responsive pleading.

82. Denies the allegations of paragraph 82, avers that it purports to state a legal conclusion and leaves the plaintiffs to their proofs.

83. Denies the allegations of paragraph 83.

84. Denies the allegations of paragraph 84.

85. Denies the allegations of paragraph 85.

86. Paragraph 86 requires no responsive pleading.

87. Denies the allegations of paragraph 87, avers that it purports to state a legal conclusion and leaves the plaintiffs to their proofs.

88. Denies the allegations of paragraph 88.

89. Denies the allegations of paragraph 89.

90. Paragraph 90 requires no responsive pleading.

91. Denies the allegations of paragraph 91.

92. Denies the allegations of paragraph 92.

93. Denies the allegations of paragraph 93.

94. Denies the allegations of paragraph 94.

95. Paragraph 95 requires no responsive pleading.

96. Denies the allegations of paragraph 96, avers that it purports to state a legal conclusion and leaves the plaintiffs to their proofs.

97. Denies the allegations of paragraph 97.

98. Denies the allegations of paragraph 98.

99. Denies the allegations of paragraph 99.

100. Denies the allegations of paragraph 100.

101. Denies the allegations of paragraph 101.

102. Paragraph 102 requires no responsive pleading.

103. Denies the allegations of paragraph 103.

104. Denies the allegations of paragraph 104.

105. Denies the allegations of paragraph 105.

106. Denies the allegations of paragraph 106.

107. Denies the allegations of paragraph 107.

108. Denies the allegations of paragraph 108.

109. Denies the allegations of paragraph 109.

110. Paragraph 110 requires no responsive pleading.

111. Denies the allegations of paragraph 111.

112. Denies the allegations of paragraph 112.

113. Denies the allegations of paragraph 113.

114. Denies the allegations of paragraph 114.

115. Denies the allegations of paragraph 115.

116. Paragraph 116 requires no responsive pleading.

117. Denies the allegations of paragraph 117.

118. Denies the allegations of paragraph 118.

119. Denies the allegations of paragraph 119.

120. Denies the allegations of paragraph 120.

121. Denies the allegations of paragraph 121.

122. Denies the allegations of paragraph 122.

123. Denies the allegations of paragraph 123.

124. Denies the allegations of paragraph 124.

125. Denies the allegations of paragraph 125.

126. Denies the allegations of paragraph 126.

127. Denies the allegations of paragraph 127.

128. Paragraph 128 requires no responsive pleading.

129. Denies the allegations of paragraph 129.

130. Denies the allegations of paragraph 130.

131. Denies the allegations of paragraph 131.

### FIRST AFFIRMATIVE DEFENSE

132. Plaintiffs' equitable claims are barred by plaintiffs' unclean hands.

### SECOND AFFIRMATIVE DEFENSE

133. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

134. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

135. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

136. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' prior breach of the McCabe Agreement.

### SIXTH AFFIRMATIVE DEFENSE

137. Plaintiffs were not damaged by any act of McCabe.

### SEVENTH AFFIRMATIVE DEFENSE

138. Plaintiffs' losses, if any, were proximately caused by the intervening acts of third parties over whom McCabe had no control.

### EIGHTH AFFIRMATIVE DEFENSE

139. Plaintiffs' anti-competition agreement is void as a matter of public policy.

### NINTH AFFIRMATIVE DEFENSE

140. The fraudulent inducement claim is an impermissible attempt to convert a contract claim into a tort.

April 7, 2008

KARAAHMETOGLU & LUZ FIRM LLP

By:    /S/
        Thomas J. Luz (TL-4665)
1500 Broadway, 21st Floor
New York, New York  10036
(212) 681-8313
Fax:  (212) 221-8468
*Attorneys for Defendants Nick McCabe, Jessie Angles, Anu Dhami, Isabel Piaggi, and Dan A. Vidal*