USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-21-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
THE MANAGEMENT GROUP, LLC,          :
ANDREW FOX and LEE HEIMAN,          :          08 Civ. 2172 (PKC)
                                    :
                        Plaintiffs, :          STIPULATION
                                    :          AND ORDER OF
        - against -                 :          CONFIDENTIALITY
                                    :
ANGEL MUSIC GROUP LTD., NEIL MOFFITT, :
NICK McCABE, JESSIE ANGLES, ANU DHAMI, :
ISABEL PIAGGI, and DAN A. VIDAL,    :
                                    :
                        Defendants. :
------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, by and among plaintiffs The

Management Group, LLC, Andrew Fox and Lee Heiman, and defendants Angel Music Group

Ltd., Neil Moffitt, Nick McCabe, Jessie Angles, Anu Dhami Isabel Piaggi and Dan A. Vidal,

that:

1.     This Stipulation and Order of Confidentiality (the "Protective Order") shall

govern all materials and information produced or disclosed, or testimony given at any deposition,

and all copies, transcripts, excerpts, notes and summaries of those materials (collectively, the

"Discovery Material") by any party (the "supplying party") in the above-captioned action (the

"Action").

2.     A copy of this Protective Order shall be furnished to each third party required to

produce documents or otherwise disclose information in response to a subpoena during the

Action. Such third parties may elect to avail themselves of, and agree to be bound by, the terms

and conditions of this Protective Order and thereby become a supplying party for purposes of

this Protective Order.

00372373.3

3.    The supplying party may designate as "Confidential," upon a good faith basis, any Discovery Material it produces in the Action that is not public and contains proprietary or confidential business information or sensitive personal information.

4.    Discovery Materials designated Confidential (including all information contained in such materials) shall be maintained in confidence by the receiving party(ies), except as otherwise provided in this Protective Order, shall not be used for any purpose other than in connection with this Action, and shall not be disclosed to any person, except to:

(a)    the Court, its personnel, any other person who serves in a judicial or quasi-judicial function, jurors, and professional court reporters engaged to transcribe testimony in the Action;

(b)    in-house counsel employed by the receiving party(ies), provided that any such individuals have signed an undertaking in the form of Exhibit A hereto; and outside counsel retained by the receiving party(ies) and employees of such outside counsel, provided that any such individuals have signed an undertaking in the form of Exhibit A hereto;

(c)    such officers and employees of the receiving party(ies) as in-house or outside counsel in good faith deem necessary to assist with respect to the Action, provided that any such individuals have signed an undertaking in the form of Exhibit A hereto;

(d)    experts engaged by counsel or the receiving party(ies) to assist with respect to the Action, provided that any such individuals have signed an undertaking in the form of Exhibit A hereto;

2

005723723

(e)    ministerial agents of in-house or outside counsel (including but not limited to warehouse and photocopy services who have generally committed to counsel that they treat all received materials as Confidential);

(f)    any person from whom deposition testimony is taken, provided that such person is advised that the information is Confidential and may not be used or disclosed for any purpose other than this Action;

(g)    any person from whom counsel for the receiving party(ies) reasonably believes that deposition testimony may be taken, provided that no disclosure shall be made to any potential deponent unless such potential deponent has signed an undertaking in the form of Exhibit A hereto;

(h)    witnesses who counsel for the receiving party(ies) believes in good faith may testify at trial, but only to the extent that disclosure occurs in preparation for and/or during such testimony and provided that each such witness is advised that the information is Confidential and may not be used or disclosed for any purpose other than this Action; and

(i)    otherwise as agreed or as ordered by the Court.

5.    The parties understand that the Court generally presumes that documents filed with the Court are not to be sealed. However, as stated above, the parties recognize that Confidential Discovery Materials produced in the Action should not be publicly revealed merely by its consideration by the Court. Accordingly, if a party contemplates that Confidential Discovery Materials received from another party will, in whole or in part, be contained in, incorporated into, reflected in, described in, or attached to any anticipated pleading, motion, memorandum, appendix, or other judicial filing, the parties will confer in good faith in an

3

attempt to resolve confidentiality issues and have the anticipated filing enter into the public record. If no agreement is reached despite good faith discussions, the supplying party shall have the burden to move the Court to allow confidential portions of the anticipated filing to be filed under seal, said motion setting forth competent evidence showing that sealing is essential and narrowly tailored. If any party contemplates that its own Confidential Discovery Materials will, in whole or in part, be contained in, incorporated into, reflected in, described in, or attached to any anticipated pleading, motion, memorandum, appendix, or other judicial filing, that party may move the Court to allow the confidential portions of the anticipated filing to be filed under seal, said motion setting forth competent evidence showing that sealing is essential and narrowly tailored. Until such time as the Court rules on a motion to seal an anticipated filing, an anticipated filing will be considered timely filed if served on all other parties and a courtesy copy provided to the Court without filing with the Clerk of Court. Upon the Court's ruling on a motion to seal an anticipated filing, the filing party thereafter shall file the anticipated filing with the Clerk of the Court under the conditions provided in the Court's Order.

6.    The specification of appropriate safeguards concerning evidence submitted at trial is specially reserved for action by the Court.

7.    When not in use as contemplated by the provisions of this Protective Order, Discovery Material designated as Confidential shall be kept in a safe place and access thereto shall be precluded except to such persons and for such purposes as authorized by this Protective Order.

8.    A supplying party's inadvertent failure to designate Discovery Material as Confidential (whether in documents, testimony or elsewhere) shall not be deemed to be a waiver

4

00372373.3

of the supplying party's right to so designate. The supplying party shall have a reasonable opportunity to correct such inadvertent failure after becoming aware of it.

9.     Without waiver of any other remedies available to the supplying party, if a receiving party inadvertently discloses Confidential Discovery Material to persons other than those authorized herein, such party shall promptly notify the supplying party of such inadvertent disclosure and make reasonable efforts to promptly retrieve the Confidential Discovery Material from such persons and to preclude any further disclosure of the Discovery Material to persons other than to persons authorized herein.

10.     In the event that a receiving party disagrees with the designation by the supplying party of Discovery Material as Confidential, such receiving party shall first try to resolve such dispute with the supplying party in good faith on an informal basis. If the dispute cannot be resolved, such party may seek appropriate relief from the Court. During any such dispute, such party shall treat the materials at issue as Confidential.

11.     Nothing in this Protective Order shall limit or affect the right of a supplying party to disclose or to authorize disclosure of, or to use in any way, its own Discovery Material designated as Confidential.

12.     Designation by a supplying party of written Discovery Material as Confidential shall be made by stamping on or affixing to the document the term CONFIDENTIAL. Multi-page documents shall be so stamped on all pages thereof. In the case of Discovery Material not reasonably susceptible to stamping or affixing (e.g., contents of CD-ROMs, DVDs or other electronic data), such Discovery Material may be designated as "Confidential" by indicating in writing to all parties at the time of production that such Discovery Material is being designated as "Confidential."

5

00372373.3

13.     Designation of deposition testimony as Confidential shall be made by a supplying party (a) on the record during the deposition and the court reporter shall be requested to print "Confidential" on each page of the portion of the deposition testimony so designated or (b) by notifying all parties within ten days of receiving a transcript of the deposition that the information is Confidential. For purposes of subsection (b) of this paragraph, deposition transcripts and exhibits shall be treated as Confidential for a period of ten (10) days following receipt by all parties of the deposition transcript. After the expiration of that ten (10) day period, only those portions of the deposition transcript and/or exhibits designated by one or more parties as "Confidential" shall thereafter be treated as Confidential.

14.     In the event that a receiving party shall be called upon, by subpoena or other compulsory process, to provide or produce such Confidential Discovery Material in another action or proceeding, such party shall notify the supplying party promptly in writing to enable the supplying party (at the supplying party's own expense) to exercise any rights available to it, shall make reasonable efforts (also at the supplying party's expense) to avoid production prior to such notice and shall reasonably cooperate in any effort by the supplying party to prevent disclosure following such notice.

15.     The restrictions set forth in the preceding paragraphs shall not apply to information or material that:

(a)     was, is or becomes public knowledge, not in violation of this Protective Order;

(b)     is acquired by the receiving party(ies) from a third party having the right to disclose such information or material; or

6

00372373.3

(c)   was lawfully possessed by the receiving party(ies) prior to the date of this

Protective Order.

16.   In the event that documents which the supplying party subsequently claims to be

privileged have been inadvertently produced, such documents shall be returned by the receiving

party(ies) to the supplying party immediately upon any written request therefore and no copies,

notes or summaries may be made of such documents. The receiving party(ies) may challenge the

privileged nature of the document(s) by application to the Court. While such application to the

Court is pending, the receiving party(ies) shall not use or divulge the contents gleaned or

understood from the inadvertent production of such document(s) except to the Court under seal

(if practicable). The inadvertent production by the supplying party of any document claimed to

be privileged shall not constitute a waiver of any such privilege or of any designation of

Discovery Material as Confidential.

17.   No later than twenty (20) days after the dismissal, unappealed or unappealable

final ruling, order, judgment or settlement of this Action (a "Resolution"), all Discovery Material

designated as Confidential (including any and all copies, extracts and summaries and any

documents prepared in any manner therefrom) shall, at a supplying party's option, either:  (a) be

returned to the supplying party; or (b) be destroyed, except that counsel for the parties to this

Action may retain for their files one complete set of all captioned litigation documents (e.g.,

pleadings, motion papers, discovery papers, briefs, etc.), and their own work product generated

in connection with this Action, provided such material remains subject to this Protective Order.

18.   This Protective Order shall remain in full force and effect during the pendency of

this Action and thereafter unless and until duly modified, amended or superseded by agreement

of the parties hereto or order of the Court.

7

003723713

19. A supplying party may waive any provision of this Protective Order at any time.

20. The parties to the Action agree that money damages may not be a sufficient remedy to a supplying party for any breach of this Protective Order. A supplying party shall be entitled to injunctive relief, specific performance, and/or any other appropriate equitable remedy for any such breach. Such remedies shall not be deemed to be the exclusive remedy for any breach of this Protective Order but shall be in addition to all other remedies available at law or in equity. In addition, if there is any legal proceeding resulting from a breach of this Protective Order by either party to this Action, a supplying party shall be entitled, if it prevails in such proceeding, to payment of the reasonable legal fees and disbursements, court costs and other expenses. *Subject to Addendum.*

Dated: New York, New York
    April 16, 2008

SO ORDERED,

_____
                                U.S.D.J.

| EPSTEIN BECKER & GREEN, P.C. | KARAAHMETOGLU & LUZ FIRM LLP |
|---|---|
| By: _Robert E. Goldstein_<br>Robert D. Goldstein<br>Michael Liberman<br>250 Park Avenue<br>New York, NY 10177<br>(212) 351-4500<br>New York, New York 10177<br>Attorneys for Defendants<br>Angel Music Group Ltd. and Neil Moffitt | By: _Thomas J. Luz_<br>Thomas J. Luz<br>1500 Broadway, 21st Floor<br>New York, New York 10036<br>(212) 681-8313<br>Attorneys for Defendants<br>Nick McCabe, Jessie Angles, Anu Dhanni,<br>Isabel Piaggi, and Dan A. Vidal |
| DAVIDOFF MALITO & HUTCHER LLP<br>By: _Peter M. Ripin_<br>Peter M. Ripin<br>605 Third Avenue<br>New York, New York 10158<br>(212) 557-7200<br>Attorneys for Plaintiffs | |

8

00372373.3

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
THE MANAGEMENT GROUP, LLC,          :
ANDREW FOX and LEE HEIMAN,          :        08 Civ. 2172 (PKC)
                                    :
                         Plaintiffs, :
          - against -               :
                                    :        **CONFIDENTIALITY**
ANGEL MUSIC GROUP LTD., NEIL MOFFITT, :       **UNDERTAKING**
NICK McCABE, JESSIE ANGLES, ANU DHAMI, :
ISABEL PIAGGI, and DAN A. VIDAL,    :
                                    :
                         Defendants. :
------------------------------------------------------x

The undersigned hereby acknowledges that he/she has read the Stipulation and Order of

Confidentiality entered with respect to the above captioned action, that he/she understands the

terms and conditions thereof and agrees to be bound to such terms; and that he/she agrees to be

subject to the personal jurisdiction of said Court, or such other Court as may be appropriate, for

the purpose of enforcement of this Undertaking.

_____

Date:

9

003723733