**MEMO ENDORSED**

# DAVIDOFF MALITO & HUTCHER LLP

| | ATTORNEYS AT LAW | |
|---|---|---|
| GARDEN CITY<br>200 GARDEN CITY PLAZA<br>GARDEN CITY, N.Y. 11530<br>(510) 248-6400 | 605 THIRD AVENUE<br>NEW YORK, NEW YORK 10158 | ALBANY<br>150 STATE STREET<br>ALBANY, N.Y. 12207<br>(518) 465-8230 |
| MELVILLE<br>105 MAXESS RD., SUITE 124S<br>MELVILLE, NY 11747<br>(631) 574-4510 | (212) 557-7200<br>FAX (212) 286-1884<br>WWW.DMLEGAL.COM | WASHINGTON, D.C.<br>444 NORTH CAPITOL STREET, N.W.<br>WASHINGTON, D.C. 20001<br>(202) 347-1117 |

**BY HAND**

Hon. P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street; Room 2260
New York, New York 10007



April 22, 2008
RECEIVED
APR 22 2008
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-23-08

Re: *The Management Group, LLC et al. v. Angel Music Group Ltd., et al.*; 08 Civ. 2172 (PKC)

Dear Judge Castel:

On behalf of plaintiffs The Management Group, LLC ("TMG"), Andrew Fox and Lee Heiman, I am writing to request a pre-motion conference to seek leave to file an amended complaint. A copy of the proposed amended complaint (the "Proposed Complaint") is annexed hereto as Exhibit A.

The only substantive changes from the existing complaint -- which was removed from New York State Supreme Court on March 4, 2008 -- is the addition of federal court jurisdictional allegations and a new Count XIII. The new Count seeks an award of attorneys' fees on behalf of TMG against defendants Angel Music Group Ltd. ("Angel") and Neil Moffitt based upon the indemnification provision set forth in paragraph 13 of the Termination Agreement which provides:

> The Company, AMG and the Sellers (jointly and severally) shall each indemnify, save and hold harmless the other and its successors, assigns, affiliates, agents and contractors, and their partners, officers, directors, and employees, from and against any damage, loss, claim, judgment or other liability or expense (including but not limited to reasonable attorneys' fees (<u>including attorneys' fees incurred by a party to this Agreement in connection with a dispute hereunder</u>)) which may in an way arise out of any breach of any representation, warranty, agreement or covenant set forth in this Agreement or any act or omission

*[Handwritten endorsement:] Defendant should, for a letter by 5 pm April 25 whether it has any objection to the proposed amendment. So ordered. [signature] USDJ 4-23-08*

00373591

DAVIDOFF MALITO & HUTCHER LLP

Hon. P. Kevin Castel
April 22, 2008
Page 2

arising in connection with this Agreement; provided such claim has been adjudicated or settled with the indemnifying party's consent, which consent shall not be unreasonably withheld... (emphasis added)

Significantly, Angel asserted the identical claim for indemnification against TMG in its Amended Answer and Counterclaims, dated April 8, 2008. Although we requested on April 17, 2008 that defendants consent to the filing of the Proposed Complaint, to date, they have failed to respond to our request.

Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires". The rule in this Circuit has been to allow a party to amend its pleadings absent a showing by the non-movant of prejudice or bad faith. Mason Tenders District Council Welfare Fund, Pension Fund And Annuity Fund v. Hazardous Waste Engineering Consultants, Inc., 1996 WL 481055 (S.D.N.Y. 1996). As a matter of law, justice requires leave to amend when the moving party has demonstrated "at least colorable grounds" for the proposed amendment. S.S. Silberblatt, Inc. v. East Harlem Pilot Block Building 1 Housing Development Fund Company, Inc., 608 F.2d 28, 42 (2d Cir. 1979).

Here, it is undisputed that there has been no undue delay and defendants will not suffer any prejudice in connection with the filing of the Proposed Complaint. On the contrary, this action was commenced less than two months ago and other than the service of initial documents requests and interrogatories, no discovery has yet occurred. In addition, the claim is clearly colorable since it is based upon the express terms of the Termination Agreement. Finally, the claim will not substantially increase discovery since it is already the subject of Angel's counterclaims.

Accordingly, we hereby request a pre-motion conference to seek leave to file the Proposed Complaint.

Respectfully yours,

Peter M. Ripin

cc:   Thomas J. Luz, Esq. (via e-mail)
      Robert D. Goldstein, Esq. (via e-mail)
      Ronald Richards, Esq. (via e-mail)

00373591