DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
Larry Hutcher (LH-8327)
Peter M. Ripin (PR-6950)
Gary I. Lerner (GL-5382)

*Attorneys for Plaintiffs*
*The Management Group, LLC, Andrew Fox and Lee Heiman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

THE MANAGEMENT GROUP, LLC,
ANDREW FOX and LEE HEIMAN,

         Plaintiffs,

- against -

ANGEL MUSIC GROUP LTD., NEIL MOFFITT,
NICK McCABE, JESSIE ANGLES, ANU DHAMI,
ISABEL PIAGGI, and DAN A. VIDAL,

         Defendants.

-------------------------------------------------------------------x

08 Civ. 2172 (PKC)

Hon. P. Kevin Castel

**REPLY TO COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant The Management Group, LLC ("TMG") hereby responds to the counterclaims set forth in the Amended Answer and Counterclaims filed on April 8, 2008 (the "Counterclaims") by Defendant/Counterclaim Plaintiff Angel Music Group Ltd. ("Angel") as follows:

## COUNTERCLAIMS

### The Parties

1. Admits the allegations set forth in the first sentence of paragraph "1" of the Counterclaims. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of that paragraph.

2. Admits the allegations set forth in paragraph "2" of the Counterclaims.

00373218.2

## Jurisdiction

3.  States that paragraph "3" of the Counterclaims sets forth conclusions of law to which a response is not required.

## Background Facts

### A. The Florida Litigation

4.  Admits the allegations set forth in paragraph "4" of the Counterclaims.

5.  Admits the allegations set forth in the first sentence of paragraph "5" of the Counterclaims. As to the second sentence of the paragraph, refers the Court to the complaint in the Florida Action for a true and correct statement of the contents therein.

6.  Admits the allegations set forth in paragraph "6" of the Counterclaims.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "7" of the Counterclaims. Admits the allegations set forth in the second sentence of the paragraph.

### B. The Merger Agreement and the Termination Agreement

8.  As to the first sentence of paragraph "8" of the Counterclaims, admits that TMG and Angel executed the Purchase Agreement and refers the Court to the Purchase Agreement for a true and correct statement of the contents therein. Denies the allegations set forth in the second sentence of the paragraph.

9.  Admits the allegations set forth in the first sentence of paragraph "9" of the Counterclaims insofar as they apply to TMG and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they apply to Angel. As to the second sentence of that paragraph, admits that TMG and Angel executed the Termination Agreement

and refers the Court to the Termination Agreement for a true and correct statement of the contents therein.

10. In response to paragraph "10" of the Counterclaims, refers the Court to the Termination Agreement for a true and correct statement of the contents therein.

11. In response to paragraph "11" of the Counterclaims, refers the Court to the Termination Agreement for a true and correct statement of the contents therein.

C. **TMG's Inducement of AMG to Pay a Portion of NMPC's Legal Fees**

12. As to the first sentence of paragraph "12" of the Counterclaims, admits that NMPC commenced the referenced action and refers the Court to the complaint in the NMPC Action for a true and correct statement of the contents therein. As to the remainder of this paragraph, refers the Court to the Termination Agreement for a true and correct statement of the contents therein.

13. Admits the allegations set forth in paragraph "13" of the Counterclaims.

14. Denies the allegations set forth in the first sentence of paragraph "14" of the Counterclaims except to the extent that the sentence sets forth conclusions of law to which a response is not required. Denies the allegations set forth in the second sentence of that paragraph.

15. Denies the allegations set forth in the first sentence of paragraph "15" of the Counterclaims except admits that TMG agreed to pay $75,000 of NMPC's fees and Angel agreed to pay the balance. Denies the allegations set forth in the second sentence of that paragraph except admits that the parties executed a settlement agreement in the NMPC Action and refers the Court to the settlement agreement for a true and correct statement of the contents therein. Denies the allegations set forth in the final sentence of the paragraph except admits that

3

the settlement agreement makes reference to an "Allocation Agreement" between and among TMG and Angel.

16.    Denies the allegations set forth in paragraph "16" of the Counterclaims, except admits that Angel paid $35,000 of NMPC's legal fees and that TMG did not indemnify Angel, and states that the allegations concerning the obligations imposed upon TMG by the Termination Agreement set forth conclusions of law to which no response is required.

17.    Denies the allegations set forth in the first and second sentences of paragraph "17" if the Counterclaims. Admits the allegations set forth in the third and final sentences of that paragraph.

18.    Denies the allegations set forth in paragraph "18" of the Counterclaims.

19.    Denies the allegations set forth in paragraph "19" of the Counterclaims.

20.    Denies the allegations set forth in paragraph "20" of the Counterclaims, except admits that TMG commenced this action on or about February 26, 2008, that TMG seeks, among other things, reimbursement of legal costs TMG has incurred in the Florida Action and that TMG contends that the ongoing legal costs in the Florida Action are Angel's responsibility pursuant to Section 3(a) of the Termination Agreement.

## FIRST COUNTERCLAIM

### (Declaratory Judgment)

21.    TMG repeats and realleges the responses set forth in paragraphs "1" through "20" hereof as if fully set forth herein.

22.    Denies the allegations set forth in paragraph "22" of the Counterclaims, except admits that a present and justiciable controversy presently exists between TMG and Angel as to whether Angel is responsible for payment of legal costs incurred in the Florida Action.

23. Admits the allegations set forth in paragraph "23" of the Counterclaims.

24. Denies the allegations set forth in the first sentence of paragraph "24" of the Counterclaims except admits that Angel claims that Section 3(a) of the Termination Agreement was subsequently modified. States that the final four words of this paragraph is not a complete sentence and cannot be responded to as written.

25. Denies the allegations set forth in paragraph "25" of the Counterclaims except admits that Angel requests a judgment that TMG is solely responsible for the legal costs incurred in the Florida Action.

## SECOND COUNTERCLAIM

### (Promissory Estoppel)

26. TMG repeats and realleges the responses set forth in paragraphs "1" through "25" hereof as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the Counterclaims.

28. Denies the allegations set forth in paragraph "28" of the Counterclaims.

29. Denies the allegations set forth in paragraph "29" of the Counterclaims.

30. Denies the allegations set forth in paragraph "30" of the Counterclaims.

31. Denies the allegations set forth in paragraph "31" of the Counterclaims.

32. Denies the allegations set forth in paragraph "32" of the Counterclaims.

33. Denies the allegations set forth in paragraph "33" of the Counterclaims.

## THIRD COUNTERCLAIM

### (Equitable Estoppel)

34. TMG repeats and realleges the responses set forth in paragraphs "1" through "33" hereof as if fully set forth herein.

00373218.2

35. Denies the allegations set forth in paragraph "35" of the Counterclaims.

36. Denies the allegations set forth in paragraph "36" of the Counterclaims.

37. Denies the allegations set forth in paragraph "37" of the Counterclaims.

38. Denies the allegations set forth in paragraph "38" of the Counterclaims.

39. Denies the allegations set forth in paragraph "39" of the Counterclaims.

40. Denies the allegations set forth in paragraph "40" of the Counterclaims.

41. Denies the allegations set forth in paragraph "41" of the Counterclaims.

## FOURTH COUNTERCLAIM

### (Rescission)

42. TMG repeats and realleges the responses set forth in paragraphs "1" through "41" hereof as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the Counterclaims.

44. Denies the allegations set forth in paragraph "44" of the Counterclaims.

45. Denies the allegations set forth in paragraph "45" of the Counterclaims.

46. Denies the allegations set forth in paragraph "46" of the Counterclaims.

47. Denies the allegations set forth in paragraph "47" of the Counterclaims.

## FIFTH COUNTERCLAIM

### (Unjust Enrichment)

48. TMG repeats and realleges the responses set forth in paragraphs "1" through "47" hereof as if fully set forth herein.

49. Denies the allegations set forth in paragraph "49" of the Counterclaims.

50. Denies the allegations set forth in paragraph "50" of the Counterclaims.

51. Denies the allegations set forth in paragraph "51" of the Counterclaims.

00373218.2

52. Denies the allegations set forth in paragraph "52" of the Counterclaims.

## SIXTH COUNTERCLAIM

### (Indemnification)

53. TMG repeats and realleges the responses set forth in paragraphs "1" through "52" hereof as if fully set forth herein.

54. In response to paragraph "54" of the Counterclaims, refers the Court to the Termination Agreement for a true and correct statement of the contents therein.

55. States that paragraph "55" of the Counterclaims sets forth conclusions of law to which a response is not required.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Counterclaims.

57. Denies the allegations set forth in paragraph "57" of the Counterclaims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. The Counterclaims fail to state claims upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. Angel's equitable Counterclaims are barred in whole or in part by reason of Angel's unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. Angel's Counterclaims are barred in whole or in part by the doctrines of waiver, laches and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Angel's Counterclaims are barred in whole or in part by the failure of a condition precedent.

00373218.2

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Angel's Counterclaims are barred in whole or in part by reason of Angel's prior material breaches of the Allocation Agreement and of the Termination Agreement.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. Angel was not damaged by any act of TMG.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. Angel's Counterclaims are barred in whole or in part by the Statute of Frauds.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

65. Angel's Counterclaims are barred in whole or in part by the parol evidence rule.

### PRAYER FOR RELIEF

WHEREFORE, TMG requests that judgment be entered against Angel and in TMG's favor on the Counterclaims brought by Angel. TMG further requests that it be granted all of the relief requested in its Complaint.

## JURY DEMAND

TMG demands a trial by jury on all issues presented by Angel's Counterclaims which are properly triable to a jury.

Dated: New York, New York
April 25, 2008

DAVIDOFF MALITO & HUTCHER LLP

By: _____
Larry Hutcher (LH-8327)
Peter M. Ripin (PR-6950)
Gary I. Lerner (GL-5382)
605 Third Avenue
New York, New York 10158
(212) 557-7200

*Attorneys for Plaintiffs*
*The Management Group, LLC, Andrew Fox*
*and Lee Heiman*

TO: Robert D. Goldstein, Esq.
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500

Ronald Richards, Esq.
THE LAW OFFICES OF RONALD RICHARDS AND ASSOCIATES
P.O. Box 11480
Beverly Hills, California 90213
(310) 556-1001

*Attorneys for Defendants*
*Angel Music Group Ltd. and Neil Moffitt*

Thomas J. Luz, Esq.
KARAAHMETOGLU & LUZ FIRM LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 681-8313

*Attorneys for Defendants*
*Nick McCabe, Jessie Angles, Anu Dhami,*
*Isabel Piaggi, and Dan A. Vidal*