

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

THE MANAGEMENT GROUP, LLC, ANDREW FOX
and LEE HEIMAN,

                    Plaintiff(s),

     - against -

ANGEL MUSIC GROUP, LTD., NEIL MOFFIT, NICK
McCABE, JESSICA ANGELS, ANU DHAMI,
ISABEL PIAGGI and DAN A. VIDAL,

                    Defendant(s).

------------------------------------- x

08 Civ. 02172 (PKC)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER



This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1. All parties (consent) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] [If all consent, the remaining paragraphs need not be completed.]

2. This case (is) (is not) to be tried to a jury. [Circle one.]

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

4. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than 14 days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5. All fact discovery shall be completed no later than August 22, 2008. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above: **(See Attached Addendum)**

    a. Initial requests for production of documents to be served by April 18, 2008.
    b. Interrogatories to be served by April 18, 2008.
    c. Depositions to be completed by August 22, 2008.

    d.    Requests to Admit to be served no later than July 22, 2008.

7.    a.    All expert discovery shall be completed no later than October 7, 2008.
[Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, i.e. the completion of all fact discovery.]

    b.    No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

At the March 7, 2008 evidentiary hearing, plaintiffs provided defendants with copies of what they view as key documents at this stage of the litigation. Defendants will produce, on or before April 14th, 2008, what they view as key documents at this stage of the litigation. Promptly after defendants' informal production, the parties shall discuss in good faith whether a settlement can be reached.

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: Participation in the District's Mediation Program

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)

After the completion of the depositions of Neill Moffitt and Andrew Fox.

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51 (a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: Six (6) days.

---

**TO BE COMPLETED BY THE COURT:**

13. [Other directions to the parties]    *Refer to SONY Mediation*

14. The (next Case Management) (Final Pretrial Conference) is scheduled for *September 5 at 11:45 am*

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       4-25-08

- 3 -

## ADDENDUM

In addition to the deadlines set forth in the Court's Case Management Plan and Scheduling Order, the parties have agreed, subject to Court approval, as follows:

1. Depositions will commence on or after June 2, 2008.

2. The parties agree that the inadvertent disclosure of information in discovery will not waive the attorney-client privilege, the attorney work-product doctrine or any other privilege.

3. Electronic documents will be bates-stamped and produced in PDF, TIFF or hard copy format.

4. Subject to the requirements of section 8 of the Case Management Plan and Scheduling Order, the deadline for filing summary judgment motions is September 30, 2008.