UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE MANAGEMENT GROUP, LLC, ANDREW
FOX, and LEE HEIMAN,

                Plaintiffs,

           - against -                  08-02172(PKC)

ANGEL MUSIC GROUP LTD., NEIL MOFFITT,
NICK McCABE, JESSIE ANGLES, ANU DHAMI,
ISABEL PIAGGI, and DAN A. VIDAL,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

June 13, 2008

                                    KARAAHMETOGLU & LUZ FIRM LLP

                                    1500 Broadway, 21st Floor
                                    New York, New York  10036
                                    (212) 681-8313

                                    *Attorneys for Defendants Nick McCabe, Jessie*
                                    *Angles, Anu Dhami, Isabel Piaggi, and Dan A.*
                                    *Vidal*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **Table of Authorities**………………………………………. | ii |
| **Preliminary Statement**……………………………………….. | 1 |
| **Facts**……………………………………………………………… | 2 |
| **Argument**………………………………………………………… | 5 |
| **DEFENDANTS ARE NOT SUBJECT TO LONG-ARM JURISDICTION**………………………….. | 5 |
| **Conclusion**…………………………………………………….. | 12 |

CASES

| Case | Page |
|---|---|
| *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757 (2nd Cir. 1983)………………………………………… | 6, 7 |
| *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp.2d. 367 (S.D.N.Y. 2006)……………………………… | 9 |
| *Beckett v. Prudential Ins. Co. of America*, 893 F. Supp. 234 (S.D.N.Y. 1995)…………………………………….. | 11 |
| *Cortland Line Co. v. Vincent,* 51 U.S.P.Q.2d 1503 (N.D.N.Y. 1999).. | 9 |
| *Credit Suisse Securities (USA) LLC v. Hilliard,* 469 F. Supp. 2d 103 (S.D.N.Y. 2007)…………………………………. | 8 |
| *Equipment Spare Parts, Ltd. v. World Wide Machinery Corp.*, 1980 U.S. Dist. LEXIS 12709 at *6 (S.D.N.Y. 1980)………………. | 5 |
| *Faherty v. Fender*, 572 F. Supp. 142, 145 (S.D.N.Y. 1983)………… | 6 |
| *Fontanetta v. American Board of Internal Medicine*, 421 F.2d 355 (2nd Cir. 1970)…………………………………………. | 6 |
| *Glacier Refrigeration Service, Inc. v. American Transportation, Inc.*, 467 F. Supp. 1104 (E.D.N.Y. 1979)…………………………………. | 5, 6 |
| *International Healthcare Exchange, Inc. v. Global Healthcare*, 470 F. Supp. 2d 345 (S.D.N.Y. 2007)………………………………… | 11 |
| *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)……………………… | 8 |
| *Jolivet v. Crocker*, 859 F. Supp. 62 (E.D.N.Y. 1994)………………… | 11 |
| *Landau v. New Horizon Partners, Inc.,* 2003 WL 22097989 (S.D.N.Y. 2003)…………………………………. | 9 |
| *Lehigh Valley Industries Inc.v. Birenbaum,* 527 F.2d 87 (2d Cir. 1975)………………………………………….. | 10 |
| *Maranga v. Vira*, 386 F.Supp. 2d 299 (S.D.N.Y. 2005)………………. | 7 |
| *Marsin Medical International, Inc. v. Bauhinia Ltd.*, | |

948 F. Supp. 180 (E.D.N.Y. 1996)……………………………………….   6

*Martin E. Segal Co. v. Barton*,
612 F. Supp. 935, 937 (S.D.N.Y. 1985)……………………………….   6

*McShan v. Omega Louis Brandt Et Frere, S.A.*,
536 F.2d 516 (2nd Cir. 1976)……………………………………………   5, 6

*Northrop Grumman Overseas Service Corp. v. Banco Wiese Sudameries*,
WL 2199547 (S.D.N.Y. 2004)……………………………………………….   11

*Purchasing Assoc. v. Weitz*, 13 N.Y.2d 267, 272,
246 N.Y.S.2d 600, 604, 196 N.E.2d 245, 247 (1963)…………………….   10

*Reed, Roberts Assoc. v. Strauman*, 40 N.Y.2d 303,
386 N.Y.S.2d 677, 353 N.E.2d 590 (1976)………………………………   9

*Sandoval v. Abaco*, 507 F. Supp. 2d 312 (S.D.N.Y. 2007)………………   7

*Seneca Insurance Co. v. Boss*,
256 A.D.2d 175, 681 N.Y.S.2d 529 (1st Dep't 1998)……………………..   11

*The Tops Co., Inc. v. Gerrit J. Verburg Co.*,
961 F. Supp. 88, 90 (S.D.N.Y. 1997)……………………………………..   6

*Wilhelmshaven v. Asher*, 810 F. Supp. 108 (S.D.N.Y. 1993)…………….   7

Statutes

N.Y. CPLR § 301……………………………………………………….   2, 5

N.Y. CPLR § 302……………………………………………………….   passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE MANAGEMENT GROUP, LLC, ANDREW  :
FOX, and LEE HEIMAN,               :
                                   :
            Plaintiffs,            :
                                   :
            - against -            :   08-02172(PKC)
                                   :
ANGEL MUSIC GROUP LTD., NEIL MOFFITT, :
NICK McCABE, JESSIE ANGLES, ANU DHAMI, :
ISABEL PIAGGI, and DAN A. VIDAL,   :
                                   :
            Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

Anu Dhami, Isabel Piaggi, Dan A. Vidal and Jesse Angles (the "Individual Defendants"), by their attorneys, Karaahmetoglu & Luz Firm, LLP, hereby submit this memorandum of law in support of their motion to dismiss.[*]

**Preliminary Statement**

This is a cause of action for alleged misappropriation of trade secrets and breach of fiduciary duty arising out of a dispute between Plaintiffs The Management Group, LLC ("TMG"), Andrew Fox and Lee Heiman and Defendants Angel Music Group Ltd. ("Angel"), Neil Moffitt, Nick McCabe, Jessie Angles, Anu Dhami, Isabel Piaggi and Dan A. Vidal.

---

[*] This motion to dismiss is brought on behalf of four Defendants represented by Karaahmetoglu & Luz Firm, LLP in this action. The remaining Defendant represented by the Firm, Nick McCabe, is not a movant.

The Individual Defendants move pursuant to F.R. Civ. P. 12(b)(2) to dismiss the complaint as against them for lack of personal jurisdiction. The Individual Defendants have never lived or worked in New York. Therefore, they are not present in the State so as to subject them to jurisdiction under CPLR § 301. Because the Individual Defendants have insufficient contacts with the State and because Plaintiffs' causes of action against them have no nexus to the State, they are not subject to long-arm jurisdiction pursuant to CPLR § 302.

Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction should be granted.

**Facts**

TMG manages musical artists on a worldwide basis. The individual Defendants were employed by TMG from 2005-2007. Affidavit of Anu Dhami, sworn to on April 7, 2008 ("Dhami Aff.") at ¶ 4; Affidavit of Isabel Piaggi, sworn to on April 7, 2008 ("Piaggi Aff.") at ¶ 4; Affidavit of Dan A. Vidal, sworn to on April 7, 2008 ("Vidal Aff.") at ¶ 4 and Affidavit of Jessie Angles, sworn to on April 7, 2008 ("Angles Aff.") at ¶ 4.

Ms. Dhami is a Nevada resident. She worked for TMG in California as a West Coast Regional Manager from October 2, 2006 to November 21, 2007. She did not have an employment contract with TMG and was at all times during her employment located in the State of California. She delivered services to TMG's worldwide client base from her office in California. As part of the normal course of her duties, she communicated via email and telephone with TMG and its clients in New York and

2

elsewhere. The communications were directly related to TMG's worldwide clients. She never traveled to New York for business and did not otherwise avail herself of the benefits of conducting business in New York State. Dhami Aff. at ¶¶ 1-2, 4-5. Most important, there is no connection between the acts alleged against her (the alleged theft of trade secrets), which she could only have done from her location in California, and the State of New York.

Ms. Piaggi is a Florida resident. She worked for TMG as the Miami Regional Manager from March 7, 2005 to December 12, 2007. She did not have an employment contract with TMG and was at all times during her employment located in the State of Florida. She delivered services to TMG's worldwide client base from her office in Florida. As part of the normal course of her duties, she communicated via email and telephone with parties in New York and elsewhere. The communications were directly related to TMG's worldwide clients. She only traveled to New York on one occasion at the specific instruction of TMG and did not otherwise avail herself of the benefits of conducting business in New York State for any purpose. Piaggi Aff. at ¶¶ 1-2, 4-5. Most important, as with Ms. Dhami, there is no connection between the acts alleged against her, which she could only have done from her location in Florida, and the State of New York.

Mr. Vidal is a Florida resident. He worked for TMG as a photo editor from January 1, 2005 to December 12, 2007. He did not have an employment contract with TMG and was at all times during his employment located in the State of Florida. He delivered services to TMG's worldwide client base from his office in Florida. As part of the normal course of his duties, he communicated with parties via email and telephone in

3

New York and elsewhere. The communications were directly related to TMG's worldwide clients. He traveled to New York for business on two occasions at the specific instruction of TMG and did not otherwise avail himself of the benefits of conducting business in New York State for any purpose. Vidal Aff. at ¶¶ 1-2, 4-5. Most important, as with Ms. Dhami and Ms. Piaggi, there is no connection between the acts alleged against him, which he could only have performed in Florida, and the State of New York.

Mr. Angles is a Nevada resident. He worked for TMG as an Art Director from May 17, 2006 to July 15, 2007. He did not have an employment contract with TMG and was at all times during his employment located in the State of Florida. He delivered services to TMG's worldwide client base from his office in Florida. As part of the normal course of his duties, he communicated via email and telephone with parties in New York and elsewhere. The communications were directly related to TMG's worldwide clients. He traveled to New York for business on only one occasion at the specific instruction of TMG and did not otherwise avail himself of the benefits of conducting business in New York State for any purpose. Angles Aff. at ¶¶ 1-2, 4-5. Most important, as with the other Individual Defendants, there is no connection between the acts alleged against him, which he could only have performed in the State of Florida, and the State of New York.

Like TMG, Angel manages musical artists on a worldwide basis. Dhami Aff. ¶ 4. The Individual Defendants resigned from their respective positions at TMG in late 2007 and shortly thereafter became employees of Angel. *Id*. TMG and its representatives brought an action in New York against Angel and its employees arising in part out of the departure of the Individual Defendants from employment at TMG and

4

joining Angel. *See* Plaintiffs' Complaint, a copy of which is annexed to the Affirmation of Thomas J. Luz, affirmed on April 7, 2008 ("Luz Aff.") as Exhibit 1.

Defendants move to dismiss for lack of personal jurisdiction on the ground that none of them is subject to long-arm jurisdiction under CPLR § 302.

### Argument

### DEFENDANTS ARE NOT SUBJECT TO LONG-ARM JURISDICTION

N.Y. CPLR §§ 301 and 302 govern jurisdiction over non-domiciliaries in New York.

Under § 301, courts sitting in New York possess power to subject foreign parties to personal jurisdiction pursuant to the "doing business" test, which requires the performance of business in New York with a fair measure of permanence and continuity. *McShan v. Omega Louis Brandt Et Frere, S.A.*, 536 F.2d 516, 517 (2nd Cir. 1976); *Equipment Spare Parts, Ltd. v. World Wide Machinery Corp.*, 1980 U.S. Dist. LEXIS 12709, at *6 (S.D.N.Y. 1980); *Glacier Refrigeration Service, Inc. v. American Transportation, Inc.*, 467 F. Supp. 1104, 1106 (E.D.N.Y. 1979). In this case, none of the Defendants worked in New York or had offices in the state. Defendants also do not solicit business in New York and are not parties to any contracts to provide goods or services here. As a result, Defendants have not had permanent or continuous contact with New York so as to be "doing business" here pursuant to § 301.

Section 302 is New York's "long-arm statute" and is more narrowly defined than the limits of constitutional due process. *The Tops Co., Inc. v. Gerrit J.*

5

*Verburg Co.*, 961 F. Supp. 88, 90 (S.D.N.Y. 1997); *Marsin Medical International, Inc. v. Bauhinia Ltd.*, 948 F. Supp. 180, 185 (E.D.N.Y. 1996). CPLR § 302(a)(1) confers *in personam* jurisdiction over a non-domiciliary or his agent if the non-domiciliary transacts business within New York State or contracts anywhere to supply goods or services in the state. CPLR § 302(a)(1); *McShan*, 536 F.2d at 518; *Glacier Refrigeration Service, Inc.*, 467 F. Supp. at 1107.

An important condition to the acquisition of jurisdiction under § 302(a)(1) is that the cause of action must arise out of that transaction of business. *McShan supra*; *Fontanetta v. American Board of Internal Medicine*, 421 F.2d 355, 357 (2nd Cir. 1970). A claim "arises out of" a defendant's transaction of business in New York when there exists a substantial relationship between the business transacted and the cause of action sued upon." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2nd Cir. 1983); *Martin E. Segal Co. v. Barton*, 612 F. Supp. 935, 937 (S.D.N.Y. 1985); *Faherty v. Fender*, 572 F. Supp. 142, 145 (S.D.N.Y. 1983). This "substantial relationship" test is not satisfied by a remote causal connection between defendant's forum activity and plaintiff's claim. *Martin E. Segal Co.*, *supra*.

A variety of factors is considered in determining whether a defendant "transacts business" in New York, including:

> (i) whether the defendant has an ongoing contractual relationship with a New York corporation;
>
> (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the

6

>> defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship;
>
> (iii)    what the choice-of-law clause is in any such contract; and
>
> (iv)    whether the contract requires franchises to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sandoval v. Abaco*, 507 F. Supp. 2d 312, 316 (S.D.N.Y. 2007); *Maranga v. Vira*, 386 F.Supp. 2d 299, 305 (S.D.N.Y. 2005). Although all the factors are relevant, "the ultimate determination is based on the totality of the circumstances." *Maranga*, 386 F. Supp. 2d at 306.

Moreover, "New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York." *Maranga*, 386 F. Supp. 2d at 307 (citing *Beacon Enterprises Inc.*, 715 F.2d at 766). Communications into New York will only be sufficient to establish personal jurisdiction if they were related to some transaction that had its "center of gravity" inside New York, into which a defendant "projected himself" and, in so doing, purposefully availed himself of the benefits of its laws. *Maranga*, *supra*; *Wilhelmshaven v. Asher*, 810 F. Supp. 108, 112 (S.D.N.Y. 1993) ("Generally, telephone and mail contacts do not provide a basis for jurisdiction under N.Y. C.P.L.R. § 302(a)(1) unless the defendant "projected" himself by those means into New York...").

All of the specifically enumerated factors weigh against a finding that Defendants transacted business in New York. Defendants reside in Nevada and Florida and only provide services in Nevada, California and Florida. They were and continue to

7

be low and midlevel employees who are not parties to any contracts with corporations in New York and are not authorized to execute contracts or conduct business on behalf of any entity in New York. In fact, the sole contact Defendants had with Plaintiffs in New York (other than one visit ordered by TMG that had no connection to the Plaintiffs' claims) was by e-mail and telephone communications concerning Plaintiffs' clients worldwide. These communications were part of the normal course of Defendants' duties and do not bear a substantial relationship to Plaintiffs' causes of action, which are based on Defendants' supposed misappropriation of trade secrets from TMG.

Thus, it is unreasonable to infer that Defendants' interstate communications with Plaintiffs in New York, which related to TMG's worldwide clients, somehow projected Defendants into the State of New York for jurisdictional purposes and that, as a result, Defendants have purposefully availed themselves of the protections of its laws. It is important to re-emphasize that CPLR § 302 does not extend to the limits of constitutional due process and that the test is not whether Defendants have "minimum contacts" under *International Shoe*, but rather whether they "purposefully availed" themselves of the benefits of the laws of New York.

This has been the consistent position of this Court, which held in *Credit Suisse Securities (USA) LLC v. Hilliard,* 469 F. Supp. 2d 103, 116 (S.D.N.Y. 2007):

> Only in cases where telephone calls or communication clearly shows that defendant intends to project itself into ongoing New York commerce, such as where the defendant directly conducts market activity or securities transactions in New York over telephone, do New York courts sustain long arm jurisdiction based on telephone calls or facsimile transmissions alone. *Id.*

8

In *Beatie and Osborn LLP v. Patriot Scientific Corp.,* 431 F. Supp.2d. 367, 382 (S.D.N.Y. 2006) this Court held:

> Although New York's long arm jurisdiction may be invoked even if the defendant never enters New York, telephone calls and correspondence sent into New York by non-domiciliary defendant who is outside New York generally are insufficient to establish personal jurisdiction. *Id.*

Similarly, in *Landau v. New Horizon Partners, Inc.,* 2003 WL 22097989 (S.D.N.Y. 2003) this Court said:

> Telephone calls and correspondence sent into New York by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction under the transacting business provision in New York.

In trade-secret-misappropriation cases the relevant business activity in New York must be "regular, persistent, or substantial." *Cortland Line Co. v. Vincent,* 51 U.S.P.Q.2d 1503 (N.D.N.Y. 1999). The defendants in *Cortland Line* had met in New York and later had several long-distance phone calls with the Plaintiff to negotiate for employment, with the theft of trade secrets later taking place in Idaho. The court noted that interstate negotiations by telephone do not necessarily subject the caller to the jurisdiction of the receiver of the calls. The transitory presence of the defendants in New York under these circumstances was found to be insufficient to confer jurisdiction.

The New York Court of Appeals has firmly stated that the law of trade secrets should not be manipulated to hinder the legitimate right of employees to leave one position to pursue other employment opportunities. The public interest can only be served by facilitating the existence of a large and mobile force of skilled workers. *Reed, Roberts Assoc. v. Strauman*, 40 N.Y.2d 303, 307, 386 N.Y.S.2d 677, 679, 353 N.E.2d

9

590, 592 (1976). Further, "[p]owerful considerations of public policy militate against sanctioning the loss of a man's livelihood," and the Courts will not grant an employer more relief than is necessary to prevent the former employee's use or disclosure of trade secrets. *Purchasing Assoc. v. Weitz*, 13 N.Y.2d 267, 272, 246 N.Y.S.2d 600, 604, 196 N.E.2d 245, 247 (1963).

In the case at bar, any alleged misappropriation of trade secrets by the Individual Defendants from remote locations in California and Florida would not confer jurisdiction upon this Court. They have never solicited business in New York nor have they ever worked in New York. They either never visited New York or only did so on one or two occasions and those visits were entirely unrelated to the supposed theft of any trade secrets or confidential information. Undoubtedly, many corporate employees are privy to information that their employers and former employers consider to be confidential but it would be grossly unjust to hale them into court in a remote state merely because the company that processed their paychecks was located there.

None of the Individual Defendants ever signed employment contracts with TMG (or anyone else) that could potentially have subjected them to jurisdiction in New York. Nonetheless, Plaintiffs appear to argue that, merely by virtue of being employed by a New York company, an employee automatically subjects himself to the jurisdiction of the New York courts. Courts of this Circuit have consistently rejected this argument. In *Lehigh Valley Industries Inc.v. Birenbaum*, 527 F.2d 87, 89 (2d Cir. 1975), the Court of Appeals held that a Defendant was not subject to long-arm jurisdiction under CPLR § 302 where he had an employment contract with an employer in New York, but worked in Massachusetts. The Plaintiff contended that because the negotiation of the

employment contract took place in New York that gave the New York courts jurisdiction over the employee. The Second Circuit held to the contrary, finding that the factor of greater significance was that the Defendant's employment was outside of the State.

New York courts, including this one, have consistently rejected jurisdiction over non-resident employees of New York corporations unless there is a nexus between the wrongful act and forum state. *See, e.g.*, *International Healthcare Exchange, Inc. v. Global Healthcare*, 470 F. Supp. 2d 345, 360 (S.D.N.Y. 2007) (no jurisdiction over non-resident Vice President of Human Resources); *Seneca Insurance Co. v. Boss*, 256 A.D.2d 175, 681 N.Y.S.2d 529 (1st Dep't 1998) (no jurisdiction over Colorado branch manager of New York corporation who attended three meetings in New York, all unrelated to the wrong alleged); *Beckett v. Prudential Ins. Co. of America*, 893 F. Supp. 234 (S.D.N.Y. 1995) (no jurisdiction over Ohio-based manager of New York insurance company where there is no connection between minor New York contacts and the wrong alleged); *Jolivet v. Crocker*, 859 F. Supp. 62 (E.D.N.Y. 1994) (no jurisdiction over Florida company retained by New York corporation to manage real estate in Florida where there is no nexus between New York contacts and cause of action).

In *Northrop Grumman Overseas Service Corp. v. Banco Wiese Sudameries*, WL 2199547 (S.D.N.Y. 2004), the Court noted, "New York Courts have required more than the Plaintiff is located in New York … for there to be an injury in New York."

Finally, the totality of the circumstances does not support a finding for personal jurisdiction pursuant to § 302(a)(1) because, as previously discussed, the only link between the Defendants and New York are e-mail and telephone communications

11

that bear no causal connection between Defendants' activity and Plaintiffs' claims. Therefore, Defendants are not subject to jurisdiction pursuant to § 302(a)(1).

### **Conclusion**

For the reasons stated, Defendants' motion to dismiss must be granted.

June 13, 2008

        KARAAHMETOGLU & LUZ FIRM LLP

        By:  /S/
            Thomas J. Luz (TL-4665)
        1500 Broadway, 21st Floor
        New York, New York  10036
        (212) 681-8313
        Fax:  (212) 221-8468

*Attorneys for Defendants Nick McCabe, Jessie Angles, Anu Dhami, Isabel Piaggi, and Dan A. Vidal*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2008, a copy of the foregoing motion, memorandum of law, and exhibits were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Thomas J. Luz

Karaahmetoglu & Luz Firm, LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 681-8313
Fax: (212) 221-8468
e-mail: tluz@karalaw.com